Per curiam

It has. been the constant rule amongst all1 the practitioners in this State, to amend writs improperly issued by the clerk j but there is no rule of law giving us power to «mend in such cases, without the consent, of’ the party. There is nothing to amend by,, ami the amendment asked for is a very material one — it is to alter the most substantial part of the writ. There is no preceding-act to resort to for proof, that the writs were not intended to be issued in covenant An amendment of this sort *462 was once made by Judge Ashe, in Morgan Court, in the case, of McDaniel v. Tate ; but he declared it should not be drawn into precedent, but that lie allowed the amendment to attain the justice which seemed in that instance most powerfully to demand it. A similar motion was made at Halifax, some terms ago, in the case of v. the executors of Webb, arid Judge Mac ay said he could not permit the amendment to be made- The motion was to alter the word “executor” in the writ, and to substitute “administrator of all,” ¡kc.; and he said if the rple prevailed that writs might, be altered in this manner, it might tend to entrap the bail, who perhaps agreed to become bail fiom the circumstance of being apprized that the writ in that form was not maintainable. "We cannot allow of the motion in the present case, but we recommend it to the opposite counsel to agree to the amendment, as it is agreeable to the course of practice for the Defendant’s counsel to agree to such amendments, and as the amendment proposed will put the Defendant under no difficulties with respect to his defence, it being the very same after the amendment as now. Prior to the late decision on sealed instruments without a w it ness, many actions had been brought in case upon them ; and upon the recommendation of the court they were altered bj consent to debt. The Defendant’s counsel would not consent to the amendment, and the suits were dismissed:
Note. — Vide note to Cowper v. Edwards, ante 19.